IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CARLA NIEKAMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-4075-CV-C-WJE |
| ) | |
| STATE OF MISSOURI, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is a Motion to Dismiss, Motion to Strike, or in the Alternative, Motion for More Definite Statement (Doc. 6), and suggestions in support thereof (Doc. 7) filed by Defendants State of Missouri, the Department of Labor and Industrial Relations (DOLIR), and the Division of Employment Security (DES) ("State Defendants"). Plaintiff Carla Niekamp has filed suggestions in opposition (Docs. 15 and 16), to which State Defendants have filed a reply (Doc. 17). The issues are now ripe and ready to be ruled upon. For the reasons that follow, State Defendants' motion shall be granted in part and denied in part.

### I. FACTUAL BACKGROUND

This action arises out of Ms. Niekamp's former employment with State Defendants. (Doc. 1, ¶ 2). Ms. Niekamp was employed as an Investigator III in the Criminal Investigative Unit from October 2015 through October 2018. (Doc. 1 at 3-4). Over the course of her three-year employment, Ms. Niekamp's annual salary allegedly was substantially less than her male predecessor, peers, and subordinates. (Doc. 1, ¶ 35). After raising compensation concerns with her employer, Ms. Niekamp filed a complaint for sex discrimination with the Missouri Commission on Human Rights (MCHR) and Equal Employment Opportunity Commission (EEOC) on April 25, 2018. (Doc. 1-1). Ms. Niekamp alleges State Defendants retaliated against her after she filed her internal complaint of equal pay discrimination and her complaint with the MCHR and EEOC. (Doc. 1, ¶ 14 ). Ms. Niekamp claims she was constructively discharged on October 31, 2018. (Doc. 1, ¶ 13). She filed an additional complaint with the MCHR and EEOC on June 23, 2019, alleging retaliation due to her complaints about wage discrimination. (Doc. 1-3). The EEOC issued a right to sue letter on February 6, 2020. (Doc. 1, ¶ 20).

Ms. Niekamp filed the Complaint in this instant action on May 5, 2020. (Doc. 1). She brings three claims: unequal pay based upon sex or gender discrimination (Count I), retaliation (Count II), and associational discrimination (Count III). (Doc. 1 at 23, 27, and 36).

State Defendants filed the instant motion, arguing Ms. Niekamp's Complaint fails to state a claim upon which relief can be granted as to Counts II and III and that such counts should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). They claim that Ms. Niekamp failed to exhaust her administrative remedies. State Defendants also argue that portions of the Complaint should be stricken pursuant to Rule 12(f). Finally, State Defendants move for a more definite statement under Rule 12(e).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Pursuant to Rule 8(a)(2), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the short and plain statement is to provide defendants with "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). The rule requires more than an "unadorned" complaint but requires less than "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Thus, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S.C. at 570). Courts ruling on a motion to dismiss a complaint for failure to state a claim must "construe the complaint in the light most favorable to the nonmoving party." *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010). Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Additionally, in ruling on a 12(b)(6) motion to dismiss, the court is not limited to the four corners of the complaint. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011) (citation omitted). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

### B. Motion to Strike

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party . . . before responding to the pleading . . . ." Fed. R. Civ. P. 12(f). The Eighth Circuit has explained that, although district courts enjoy "liberal discretion" to do so, striking a party's pleading "is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1382 (3d ed.).

### C. Motion for More Definite Statement

Rule 12(e) allows a party to "move for a more definite statement" of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). A motion for a more definite statement is appropriate "where a party cannot determine the issues he must meet or where there is a major ambiguity or omission in the complaint such that the complaint is unanswerable." *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) (citing *Pfitzer v. Smith & Wesson Corp.*, No. 4:13-CV-676-JAR, 2014 WL 636381, at *1 (E.D. Mo. Feb. 18, 2014)).

### III. ANALYSIS

State Defendants argue Counts II and III should be dismissed because (1) Ms. Niekamp has failed to exhaust her administrative remedies with respect to such counts; (2) Count II should be dismissed because the Complaint does not indicate what statute authorizes the claim; (3) Ms. Niekamp does not allege sufficient facts to support Counts II and III; (4) all references to Missouri law should be stricken; and (5) Ms. Niekamp should be required to file a more definite statement regarding the statutory provisions under which she seeks redress. The Court will address each argument in turn.

### A. Ms. Niekamp Failed to Exhaust Administrative Remedies for Count III

State Defendants argue that because Ms. Niekamp's second discrimination complaint was filed more than 180 days after her resignation, she failed to exhaust administrative remedies with respect to Counts II and III. Ms. Niekamp argues that she filed her second complaint within 300 days of her alleged constructive discharge, and therefore, she exhausted administrative remedies

with respect to Counts II and III. State Defendants argue in their reply that the 300-day limitation period only applies if a charge is first filed with a state agency within 180 days of the alleged unlawful employment practice.

"In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (citation omitted). A timely charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . , except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . , such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1).

A complainant "must file a charge of discrimination within 300 days of the occurrence under Title VII and within 180 days under MHRA." *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007) (quoting 42 U.S.C. § 2000e-5(e)(1) and Mo. Rev. Stat. § 213.075(1)). "Missouri is a deferral state and a work-sharing agreement exists between the EEOC and Missouri Human Rights Commission, so a complaint filed with the EEOC is considered filed with the MHRA on the same date." *Hernton v. Aarons, Inc.*, No. 4:17-CV-01441-AGF, 2018 WL 2364284, at *2 (E.D. Mo. May 23, 2018) (citing Mo. Rev. Stat. § 213.075(2)). "When a Missouri plaintiff files a charge of discrimination with the EEOC, the applicable limitations period extends to 300 days." *Chowdada v. Judge Grp.*, No. 4:18-CV-00655-JAR, 2019 WL 1426283, at *2 (E.D. Mo. Mar. 29, 2019) (citation omitted).

Here, Ms. Niekamp filed a complaint relating to Counts II and III with the MCHR and EEOC on June 23, 2019. This is within 300 days of the alleged constructive discharge on October 31, 2018. Therefore, her second complaint was timely filed with the EEOC. That Ms. Niekamp's second complaint was not timely filed within 180 days with the MCHR does not change the outcome. *Chowdada*, 2019 WL 1426283, at *3 (finding that even though plaintiff's MCHR complaint, which was filed on the same date as the EEOC complaint, was not timely filed, plaintiff's EEOC complaint was subject to the extended 300-day filing period).

State Defendants argue that Ms. Niekamp also failed to exhaust administrative remedies on Count III because neither of her MCHR and EEOC claims alleged associational discrimination.

The Court agrees. Even if associational discrimination were a claim recognized in the Eighth Circuit, and even if the facts alleged by Ms. Niekamp supported such a claim, she never presented a claim for associational discrimination to the EEOC. Ms. Niekamp generally alleges that because she associated with another female investigator employed by State Defendants who suffered sex discrimination, she suffered associational discrimination. Neither of Ms. Niekamp's EEOC complaints contain any such allegations. For that reason, she failed to exhaust administrative remedies on Count III, and Count III is dismissed from the Complaint.

### B. Ms. Niekamp Pled Statute Authorizing Count II

State Defendants argue it is unclear pursuant to what authority Ms. Niekamp brings Count II. She does not address this argument in her briefing. Nevertheless, in paragraph 90 under Count II ("Retaliation by Defendants") of the Complaint, Ms. Niekamp states that she brings Count II pursuant to Title VII, 42 U.S.C. § 2000(e) et. seq. (Doc. 1 at 27 and 34). Accordingly, the Court finds Count II is a claim for retaliation under Title VII. State Defendants' argument fails.

### C. Sufficient Facts are Alleged as to Count II

State Defendants argue Ms. Niekamp fails to set forth a plausible claim for retaliation. Ms. Niekamp argues she has set forth sufficient facts to allege retaliation. Title VII prohibits employers from retaliating against employees for engaging in protected conduct. *See* 42 U.S.C. § 2000e-3(a). "In the absence of direct evidence [of discrimination], [courts] analyze employment-discrimination claims under the *McDonnell Douglas* burden shifting framework." *Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 773 (8th Cir. 2016) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). "Under this framework, if an employee carries [her] burden of establishing a *prima facie* case of discrimination, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* "If the employer meets this burden of production, the employee must then 'prove by a preponderance of the evidence that the legitimate reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination.'" *Grant*, 841 F.3d at 773 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). To establish her *prima facie* case, a plaintiff must show: "(1) [s]he engaged in protected conduct; (2) a reasonable employee would have found the retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct." *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 805 (8th Cir. 2019) (citation and quotation marks omitted).

Ms. Niekamp has set forth a plausible claim of retaliation. She alleges that she engaged in protected conduct by filing a complaint regarding unequal pay with the MCHR and EEOC. Ms. Niekamp alleges she was constructively discharged. She alleges she was forced to resign because of the retaliatory actions taken against her. In terms of retaliatory conduct, Ms. Niekamp alleges the following facts. State Defendants retaliated against her by failing to take corrective measures, essentially undermining her authority as supervisor, when she repeatedly complained to her superiors that a female probationary employee who Ms. Niekamp supervised was being treated poorly, unfairly, and subjected to discrimination in the workplace by a male employee. The male employee, Ms. Niekamp's subordinate, failed to follow her directives to correct his behavior. Ms. Niekamp's superiors did not allow her to place the male employee on a performance improvement plan even though doing so was part of her role as a supervisor. Instead of correcting the male employee's behaviors, State Defendants terminated the female probationary employee, and did so without her knowledge or approval, even after Ms. Niekamp recommended full-time permanent employment for the employee. Ms. Niekamp's superiors intentionally refused to timely approve plans she put in place for the employees she supervised. Ms. Niekamp's superiors began to micromanage her job duties and responsibilities and conduct supervisory meetings without including her. Her superiors refused and failed to respond to her emails. She alleges these actions were taken in retaliation for her complaining internally and then filing a complaint with the MCHR and EEOC regarding unequal pay. Ms. Niekamp alleges these retaliatory actions forced her to resign.

State Defendants contend that Ms. Niekamp has not sufficiently pled a constructive discharge, arguing that "minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action." (Doc. 7 at 7) (citing *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007)). Ms. Niekamp's allegations as described above plausibly demonstrate that State Defendants undermined her role as an employee and supervisor and made it so that she could not perform her job duties. "To prove a constructive discharge, an employee must show that the employer deliberately created intolerable working conditions with the intention of forcing her to quit." *Blake v. MJ Optical, Inc.*, 870 F.3d 820, 826 (8th Cir. 2017) (quoting *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 418 (8th Cir. 2010)). At this early stage in litigation, Ms. Niekamp has plausibly alleged constructive discharge and a Title VII claim for retaliation. Count II survives.

### D. References to Missouri Law Should Not Be Stricken

State Defendants argue all references to Missouri law should be stricken from Ms. Niekamp's Complaint because she has not alleged a single cause of action under the MHRA or any Missouri law. They claim that such references provide no source of redress and serve only to prejudice State Defendants by confusing the issues. Ms. Niekamp does not respond to this argument. Nevertheless, the Court finds that striking references to Missouri law is unwarranted at this time. Ms. Niekamp filed joint complaints with the MCHR and EEOC and argues that State Defendants' acts of retaliation are related to her filing of the complaints under Missouri and federal law. Even though she sets forth no causes of action under Missouri law, some of the allegations in the Complaint that mention Missouri law may be related, albeit indirectly, to her claims. State Defendants do not indicate how references to Missouri law prejudice them or confuse the issues. If State Defendants believe that specific references in the Complaint prejudice them and care to brief the issue further, State Defendants may file a renewed motion to strike. For these reasons, State Defendants' motion to strike is denied without prejudice.

### E. More Definite Statement is Not Warranted

State Defendants argue Ms. Niekamp should be required to file a more definite statement to clarify under which statute she seeks redress. Ms. Niekamp does not respond to this argument. While the Court agrees with State Defendants that portions of Ms. Niekamp's Complaint are confusing and reference various provisions of law throughout, the Court finds the language of Counts I and II provides State Defendants with "fair notice of what … the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (citation omitted).

Count I is entitled "unequal pay, 42 U.S.C. 2000(e) et. seq. based upon sex or gender discrimination." (Doc. 1 at 23). Based on the facts alleged in the Complaint and the language of Count I, the Court finds Count I alleges a claim for unequal pay under Title VII. Such a claim brought under Title VII is "governed by the standards of the Equal Pay Act," 29 U.S.C. § 206(d). *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003). Count II is entitled "retaliation by defendants." (Doc. 1 at 27). Count II cites the Title VII statute. (Doc. 1, ¶ 90). Based on the facts alleged in the Complaint and the language under Count II, the Court finds Count II alleges a claim for retaliation under Title VII. *See Yearns v. Koss Constr. Co.*, 964 F.3d 671, 674 (8th Cir. 2020) (applying the *McDonnell Douglass* burden-shifting framework to a claim for retaliation for complaints about pay discrimination based on sex). To the extent Ms. Niekamp intended to plead

otherwise, she may file a motion for leave to file an amended complaint. State Defendants' motion for a more definite statement is denied.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that State Defendants' Motion to Dismiss, Motion to Strike, or in the Alternative, Motion for More Definite Statement (Doc. 6) is GRANTED in part and DENIED in part.

State Defendant's motion to dismiss Count II is denied. State Defendants' motion to dismiss is granted as to Count III; Count III is dismissed from the Complaint. State Defendants' motion to strike is denied without prejudice. State Defendants' motion for a more definite statement is denied.

Dated this 4th day of September, 2020, at Jefferson City, Missouri.

Willie J. Epps, Jr.
United States Magistrate Judge