IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CARLA NIEKAMP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 20-CV-04075-WJE |
| STATE OF MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is a Motion for Summary Judgment (Doc. 57) and suggestions in support thereof (Doc. 58) filed by Defendants State of Missouri, the Department of Labor and Industrial Relations, and the Division of Employment Security ("Defendants"). Plaintiff Carla Niekamp has filed suggestions in opposition (Doc. 73), to which Defendants have timely replied (Doc. 88). Also pending before the Court is Ms. Niekamp's Motion to Exclude the Declaration of Dana Miranda (Doc. 71), to which Defendants have filed suggestions in opposition (Doc. 84). Ms. Niekamp has not filed a reply, and the time to do so has passed. These issues are now ripe for consideration. For the reasons that follow, the Motion for Summary Judgment is granted, and the Motion to Exclude is granted in part and denied in part.

### I. Background

This discrimination case arises from Ms. Niekamp's employment with Defendants as an Investigator III in the Prosecution Unit from 2015 to 2018. (Doc. 1, ¶¶ 2, 7; Doc. 73, p. 6; Doc. 74, p. 2). She alleges that she had more work experience than her predecessor, Michael Kauflin, but was paid less when hired for the same work. (Doc. 73, p. 6). After completing an initial probationary period, she received a pay increase pursuant to the Office of Administration's ("OA")

Uniform Classification and Pay System, but her annual salary remained substantially less than male colleagues with the same title. (Doc. 74, p. 2; Doc. 58-2, ¶¶ 7-8; Doc. 73, p. 9).

On April 25, 2018, Ms. Niekamp filed a Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination based on unequal pay. (Doc. 1-1, p. 1; Doc. 74, p. 29). She contends that after complaining of sex discrimination, her supervisors retaliated against her by curtailing her ability to effectively supervise and manage her subordinates, creating a hostile work environment. (Doc. 73, pp. 15-25). She further claims that these working conditions were intolerable leading to her constructive discharge on October 31, 2018, and the filing of a second Charge with the MCHR and EEOC alleging retaliation on June 23, 2019. (Doc. 1-3, p. 1; Doc. 73, pp. 14-15; Doc. 74, p. 29).

Ms. Niekamp filed a complaint in this action on May 5, 2020, alleging unequal pay based on gender discrimination in Count I, retaliation in Count II, and associational discrimination in Count III. (Doc. 1, ¶¶ 69-113). The Court previously dismissed Count III in its order granting in part Defendants' Motion to Dismiss. (Doc. 20, p. 8).

## II.     Motion to Exclude

The Court addresses Ms. Niekamp's Motion to Exclude first because it challenges, in part, the record supporting Defendants' Motion for Summary Judgment. Ms. Niekamp argues that Defendants' reliance on Ms. Miranda's declaration in support of their summary judgment motion should be stricken by the Court because: (1) Defendants did not timely identify Ms. Miranda as an expert witness; (2) Defendants did not timely identify Ms. Miranda as a fact witness in their Rule 26 disclosures; and (3) Ms. Miranda lacks the requisite personal knowledge to testify about the matters in her declaration. (Doc. 71, pp. 5-8). Defendants counter that: (1) Ms. Miranda does not

provide an expert opinion; (2) Ms. Niekamp is not prejudiced by the lack of disclosure because Ms. Niekamp's disclosures identify similarly situated individuals employed by Defendants with knowledge of the State of Missouri's pay system; and (3) Ms. Miranda has personal knowledge of the facts in her declaration based on years of experience in Human Resources for the State of Missouri and after reviewing relevant documents. (Doc. 84, pp. 2-4). In her Motion to Exclude, Ms. Niekamp also requests the Court exclude Defendants from calling Ms. Miranda as a witness for any purpose in the case, including at trial. (Doc. 71, p. 8). Because summary judgment is granted, the Court need not reach that issue.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose to an opposing party the information "of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Additionally, Rule 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present" expert testimony. Parties have an ongoing duty to timely supplement their Rule 26(a) disclosures "if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). A party who fails to identify witnesses or supplement its disclosures under Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018) ("[I]f a party does not satisfy the expert disclosure requirements in Rule 26(a)(2), the undisclosed information or expert is excluded unless the failure was substantially justified or harmless.").

> *1. Defendants were not required to disclose Ms. Miranda as an expert witness under Rule 26(a)(2)(A) because her declaration provides only lay witness testimony.*

"Determining whether a witness is offering an expert or lay opinion requires a case-by-case analysis of both the witness and the witness's opinion." *United States v. STABL, Inc.*, 800 F.3d 476, 486 (8th Cir. 2015) (citing *United States v. Smith*, 591 F.3d 974, 982-83 (8th Cir. 2010)). A witness's opinion qualifies as expert testimony if:

> (a) [their] scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) [they have] reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. A lay witness's opinion, however, is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. A lay witness may testify about "[p]erceptions based on *industry experience.*" *STABL, Inc.*, 800 F.3d at 486-87 (emphasis in original) (quotation omitted). "Personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience, is a sufficient foundation for lay opinion testimony." *Burlington N. R.R. Co. v. Nebraska*, 802 F.2d 994, 1004-05 (8th Cir. 1986) (citations omitted).

The Court finds that Ms. Miranda's testimony is related to her industry experience and review of records, rather than expert knowledge. In her declaration, she does not purport to be an expert or offer testimony based on scientific, technical, or specialized knowledge. (Doc. 58-2, ¶¶ 1-17); *see* Fed. R. Evid. 702. Ms. Miranda's testimony about the State of Missouri's classification and pay plans is based on her 23 years of experience in the industry. (Doc. 58-2, ¶ 4). Her testimony about certain employees' pay data is based on personal knowledge acquired from a review of business records. (*Id.*, ¶ 12). Thus, Mr. Miranda is a lay witness providing opinion testimony. *See*

*STABL, Inc.*, 800 F.3d at 486-87; *Burlington N. R.R. Co.*, 802 F.2d at 1004-05. Accordingly, the Court will not strike Ms. Miranda's declaration on the grounds that she was not timely disclosed by Defendants as an expert witness under Rule 26.

> *2. Defendants' failure to timely disclose Ms. Miranda under Rule 26(a)(1)(A) was substantially justified and harmless.*

The Court "may find that a party's failure to include a [lay] witness in the initial Rule 26(a)(1) disclosures was substantially justified or harmless." *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (citations omitted). Whether a Rule 26 violation is justified or harmless depends on "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Rodrick v. Wal-Mart Stores East, L.P.*, 666 F.3d 1093, 1097 (8th Cir. 2012) (quotation omitted).

The Court finds that Defendants' failure to disclose Ms. Miranda as a fact witness in their Rule 26(a) disclosures is substantially justified and harmless. Any surprise or prejudice regarding Ms. Miranda's testimony is minimal. Ms. Miranda's declaration concerns the State of Missouri's pay classification system, certain employees' pay based on Missouri Employee State History ("MESH") data, and the Missouri Accountability Portal ("MAP"). (Doc. 58-2, ¶¶ 1-17). Those facts are not new to Ms. Niekamp, as she relies on the State of Missouri's pay classification system, MESH data, and MAP data for the same eight employees referenced in Ms. Miranda's declaration. (*See* Docs. 75-2, 75-3, 75-4, 75-5, 75-6, 75-7, 75-8, 75-9, 75-10, 75-11, 75-12, 75-13, 75-14, 75-15, 75-16, 75-20, 75-25). To the extent Ms. Niekamp is prejudiced by any untimely disclosure, she could have cured the prejudice as early as June 30, 2022, when she became aware of Ms. Miranda's involvement in the case. (*See* Doc. 71, p. 3). If Ms. Niekamp wanted to reopen discovery to depose Ms. Miranda, she could have filed a motion with the Court to make such request at that

time. Instead, she waited over two months to raise this issue, even while the Court granted four extensions of time to file her suggestions in opposition to the summary judgment motion. (*See* Docs. 61, 63, 65, 70); *see Davenport v. Charter Commc'ns, LLC*, 302 F.R.D. 520, 527-28 (E.D. Mo. 2014) (denying motion to strike declaration where the complaining party "sought and were granted a 30-day extension of time in which to file their reply . . . but . . . did not mention the new declaration[] or assert any need for discovery relating to the new declarant[]," which "undercut[] their claim of prejudice"). Finally, there is no evidence that Defendants acted willfully or in bad faith by failing to disclose Ms. Miranda. For these reasons, the Court will not strike Ms. Miranda's declaration on the grounds that she was not timely disclosed by Defendants as a fact witness under Rule 26(a)(1)(A).

3. *Ms. Miranda's declaration is supported by personal knowledge.*

A "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Personal knowledge can be "acquired through review of records prepared in the ordinary course of business" or "based on industry experience." *Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002) (quotations omitted); *Burlington N. R.R. Co.*, 802 F.2d at 1004-05. Courts must disregard, however, a declarant's attempts to state legal conclusions as facts. *DePriest v. Milligan*, 823 F.3d 1179, 1188 (8th Cir. 2016).

The Court need not strike or exclude Ms. Miranda's declaration in its entirety. Ms. Miranda has been the Department of Labor and Industrial Relations' Human Resources Director since 2018 and has 23 years of experience in Human Resources with the State of Missouri. (Doc. 58-2, ¶¶ 1-4). She is familiar with Missouri's Classification and Pay System and MAP. (*Id.*, ¶¶ 4, 16). In

preparing her declaration, she reviewed certain employees' pay through MESH data. (*Id.*, ¶¶ 11-12). Ms. Miranda possesses sufficient personal knowledge based on her years of industry experience and review of business records to make sworn statements regarding Defendants' pay system when Ms. Niekamp was employed there. *See Eckelkamp*, 315 F.3d at 872.

Some of the statements in Ms. Miranda's declaration, however, are not based on personal knowledge. Ms. Miranda states "[a]n employee's sex is not factored into the [pay] grid" and "an employee's sex plays no role in determining their salary." (Doc. 58-2, ¶¶ 9, 10). Ms. Miranda offers no factual bases for those opinions, and therefore, lacks sufficient personal knowledge to make such statements. Those statements also purport to state a legal conclusion as fact. *See DePriest*, 823 F.3d at 1188. Therefore, the Court grants Ms. Niekamp's Motion to Exclude, in part, as it relates only to paragraphs 9 and 10 of Ms. Miranda's declaration, and denies Ms. Niekamp's Motion to Exclude in all other respects.

### III. Motion for Summary Judgment

"Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Green Plains Otter Tail, LLC v. Pro-Env't., Inc.*, 953 F.3d 541, 545 (8th Cir. 2020) (citing Fed. R. Civ. P. 56(c)). "A court considering a motion for summary judgment must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Dryer v. NFL*, 814 F.3d 938, 941-42 (8th Cir. 2016) (citing *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996)). "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial." *Id.* at 942 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving

party, there is no genuine issue for trial." *Green Plains Otter Tail, LLC*, 953 F.3d at 545 (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011)).

> 1. *Ms. Niekamp does not allege facts sufficient to support Count I because any pay differential was based on factors other than sex.*

Defendants argue that Ms. Niekamp does not allege facts sufficient to support Count I because her pay was based on the OA's Uniform Classification and Pay System and her years of transferable experience at the Missouri Attorney General's Office, so she was not paid less than her male colleagues based upon sex. (Doc. 58, pp. 12-14). Ms. Niekamp maintains that she was paid less than four male employees because of her gender. (Doc. 73, pp. 6-13).

"[A] gender-based discrimination claim under Title VII, 42 U.S.C. §§ 2000e-2(a)(1) . . . is governed by the standards of the Equal Pay Act, 29 U.S.C. § 206(d)." *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003) (citing *Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 718-19 (8th Cir. 2000)). "The [Equal Pay Act] prohibits pay discrimination on the basis of sex. A plaintiff must first establish a prima facie case that women were paid less than men in the same establishment for equal work requiring equal skill, effort, and responsibility and performed under similar working conditions." *Schottel v. Nebraska State Coll. Sys.*, 42 F.4th 976, 979 (8th Cir. 2022) (quoting *Price v. N. States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011)). If the plaintiff establishes a prima facie case, the burden then shifts to the defendant who "must 'prove that any wage differential is explained by (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.'" *Id.* (quoting *Price*, 664 F.3d at 1191). The defendant "must prove that the pay differential was based on a factor other than sex." *Id.* (quoting *Price*, 664 F.3d at 1191). "A differential that is based on education or experience is a factor other than sex recognized by the Equal Pay Act." *Hutchins v. Int'l Bros. of Teamsters*, 177 F.3d 1076, 1081 (8th Cir. 1999) (citations omitted).

Here, the Court finds that Defendants have adequately proved that any pay differential was based on Ms. Niekamp's experience and qualifications, not sex. Ms. Niekamp's pay was determined by the OA's Uniform Classification and Pay System, which established salaries for each position. (Doc. 74, p. 4; Doc. 75-20, p. 2; Doc. 75-25). Initial pay rates were based on "the individual's qualifications, permanent position-related factors, such as working conditions or physical location of work, and/or recruitment or staffing needs." (Doc. 75-20, p. 4). When Ms. Niekamp was hired as an Investigator III, she had two years of experience from the Missouri Attorney General's Office, so she was not eligible for a Market Progression Within-Grade Salary Advancement. (Doc. 58-2, ¶ 13). Ms. Niekamp argues that she had more experience than Mr. Kauflin, and Defendants could have adjusted her pay rate accordingly. (Doc. 73, p. 11). Mr. Kauflin and Ms. Niekamp were both at pay grade A25 E during their probation periods, earning $1,622.00 semi-monthly, and pay grade A25 G after their probationary periods, earning $1,682.50 semi-monthly. (Docs. 75-2, 75-3, 75-25). Thus, Mr. Kauflin and Ms. Niekamp were compensated the same, and the Court "'do[es] not sit as a super-personnel department that re-examines an entity's business decisions,'" regarding Defendants initial pay rate decision. *Taylor*, 321 F.3d at 719 (quoting *Kipp v. Mo. Highway and Trans. Comm'n*, 280 F.3d 893, 898 (8th Cir. 2002)); *see also Schottel*, 42 F.4th at 983 (quoting *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999)) ("In the absence of 'intentional discrimination' and without 'the authority to sit as super-personnel departments,' we make no comment on the 'wisdom or fairness' of [defendant]'s hiring and salary decisions."). Ms. Niekamp was, however, paid less than three male colleagues, Dwight Miller, Dewayne Hickey, and Stephen Doden, who also worked as Investigator IIIs, but in different divisions. (Doc. 58-2, ¶ 15). Miller, Hickey, and Doden were at pay grade A25 M, earning $1,881.50 semi-monthly. (Docs. 75-4, 75-5, 75-6, 75-25). Defendants have adequately proved that

Ms. Niekamp was at a lower pay grade than those three male colleagues because of her prior work experience and as the result of working in different divisions. (Doc. 58-2, p. 13). Accordingly, the Court finds the pay difference was based on a factor other than sex. *See Hutchins*, 177 F.3d at 1081; *Schottel*, 42 F.4th at 979; *Price*, 664 F.3d 11 at 1191. Summary judgment on Count I is therefore granted.

> 2. *Ms. Niekamp does not allege facts sufficient to support Count II because there is no evidence of an adverse employment action, and there is no evidence that a reasonable person would find the working conditions intolerable.*

Defendants argue that Ms. Niekamp does not allege facts sufficient to support Count II because she did not experience an adverse employment action, and a reasonable person would not have found her working conditions intolerable. (Doc. 58, pp. 14-17). Ms. Niekamp counters that Defendants deliberately created an objectively hostile work environment, which made her working conditions intolerable and forced her to resign. (Doc. 73, pp. 13-25).

"Title VII contains an antiretaliation provision that prohibits an employer from discriminating against an employee because the employee opposed a practice made unlawful by Title VII." *Schottel*, 42 F.4th at 983 (citing *Muldrow v. City of St. Louis*, 30 F.4th 680, 690-91 (8th Cir. 2022)). "To establish a prima facie case of retaliation, an employee-plaintiff must show that '(1) she engaged in protected conduct, (2) she suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct.'" *Id.* (quoting *Muldrow*, 30 F.4th at 690-91). "Then, '[i]f the employee establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its action. If the employer satisfies its burden, the burden then shifts back to the employee to put forth evidence of pretext.'" *Id.* (quoting *Muldrow*, 30 F.4th at 690-91).

"An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Muldrow*, 30 F.4th at 688 (quoting *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007)). "[M]inor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage" will not constitute an adverse employment action. *Id.* (quoting *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013)). "Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard . . . but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not." *Spears v. Mo. Dep't of Corr. & Hum. Res.*, 210 F.3d 850, 853 (8th Cir. 2000) (citations omitted); *see also Duffy v. McPhillips*, 276 F.3d 988, 992 (8th Cir. 2002) ("not everything that makes an employee unhappy is an actionable adverse action.") (quotation omitted).

To claim constructive discharge, the employee "would have to show that [the employer] created working conditions that were so intolerable that a reasonable person in her position would have felt compelled to resign." *Watson v. McDonough*, 996 F.3d 850, 856 (8th Cir. 2021) (quoting *Garrison v. Dolgencorp, LLC*, 939 F.3d 937, 943 (8th Cir. 2019)). An employee is not constructively discharged "if she quits 'without giving her employer a reasonable chance to work out a problem.'" *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 418 (8th Cir. 2010) (quoting *Coffman v. Tracker Marine, L.P.*, 141 F.3d 1241, 1247 (8th Cir. 1998)). "An employee claiming constructive discharge shoulders a substantial burden." *Sellars v. CRST Expedited, Inc.*, 13 F.4th 681, 700 (8th Cir. 2021) (quotation omitted).

Here, the parties do not contest that Ms. Niekamp engaged in a protected activity by filing a complaint with the EEOC and MCHR. (Doc. 58, pp. 14-16; Doc. 73, pp. 2, 13). The Court finds

Ms. Niekamp cannot show she experienced an actionable adverse action. Initially, much of the conduct Ms. Niekamp relies on to support her retaliation claim occurred before she engaged in protected activity. For example, in February and March 2018, Ms. Niekamp was told to hold off on administering a performance improvement plan with one of her subordinates and performance-manage him over the phone instead of in-person. (Doc. 74, p. 28; Doc. 73, pp. 15-16). She alleges other instances in March 2018 and early April 2018, including not being allowed to address her subordinates' performance issues and circulate written objectives for her subordinates because her supervisors did not approve them. (Doc. 73, pp. 17-20, 22-23; Doc. 74, p. 29). All this conduct occurred before Ms. Niekamp engaged in a protected activity by filing her Charge on April 25, 2018. (Doc. 74, p. 29); *see Jamerison v. Anthem Ins. Cos., Inc.*, No. 4:20-cv-1640-MTS, 2022 WL 950861, at *6 (E.D. Mo. Mar. 30, 2022) ("There can be no causal connection if the adverse action occurs *before* Plaintiff's protected activity.") (emphasis in original) (citations omitted).

As for the alleged adverse actions occurring after she filed her first Charge,[1] Ms. Niekamp's claims that: (1) she was called into a meeting where she was incorrectly told another employee had resigned; (2) she did not receive a direct answer about hiring a replacement for that employee; and (3) her subordinate ignored her request to explain his lack of productivity, "are akin to the sort of trivial harms that do not rise to the level of retaliation." (Doc. 73, pp. 21, 24-25); *Weger v. City of Ladue*, 500 F.3d 710, 728 (8th Cir. 2007); *see also Jones v. Fitzgerald*, 285 F.3d 705, 714 (8th Cir. 2002) ("personal animus, hostility, disrespect, and ostracism" do not constitute an adverse employment action). There were no changes to Ms. Niekamp's pay, benefits, or title.

---

[1] Ms. Niekamp attempts to rely on other allegedly adverse actions to support her retaliation claim, however, she did not provide citations to the record to support several of her statements as required by both Local Rule 56.1(b)(2) and Fed. R. Civ. P. 56(c)(1)(A). (*See* Doc. 73, pp. 23-25). A district court is not required to mine the "summary judgment record searching for nuggets of factual disputes to gild a party's arguments." *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006).

(*See* Doc. 75-2). Her allegations that she had difficulty performing her job and supervising her subordinates do not rise to the level of material change in employment sufficient to demonstrate an actionable adverse employment action. *See Duffy*, 276 F.3d at 992.

Ms. Niekamp relies on the same conduct to support her constructive discharge claim. She also cannot show she was constructively discharged. *See Tidwell v. Meyer's Bakeries, Inc.*, 93 F.3d 490, 496 (8th Cir. 1996) ("Dissatisfaction with a work assignment is, as a matter of law, normally not so intolerable as to be a basis for constructive discharge."); *Jones*, 285 F.3d at 716 ("Constructive discharge requires considerably more proof than an unpleasant and unprofessional environment."); *Tatom v. Georgia-Pac. Corp.*, 228 F.3d 926, 932 (8th Cir. 2000) ("[L]oss of supervisory responsibilities, a feeling of being unfairly criticized, dissatisfaction with work assignments, and loss of pay are insufficient to constitute a constructive discharge."). Accordingly, Defendants are entitled to summary judgment as to Count II.

### IV. Conclusion

The Motion for Summary Judgment (Doc. 57) is GRANTED as set forth herein. The Motion to Exclude (Doc. 71) is GRANTED IN PART AND DENIED IN PART as set forth herein.

IT IS, THEREFORE, ORDERED.

Dated this 28th day of September, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge